**James FERNANDEZ, Appellant**

**v.**

**The STATE of Texas**

**NO. PD–0123–15**

Court of Criminal Appeals of Texas.

Delivered: January 13, 2016

John R. Messinger, for State of Texas.

James Gerard McDermott II, for John R. Messinger.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, ALCALA, RICHARDSON, YEARY and NEWELL, JJ., joined.

We granted appellant's petition for discretionary review to determine whether a public servant commits theft by deception when he purchases an airline ticket for county-approved travel with a county credit card but later uses the voucher resulting from the cancellation of the ticket for personal travel, without correcting the impression that the ticket would be used for county-approved business. We answer that question in the affirmative, and, consequently, we affirm the court of appeals.

## I. Background

Appellant James Fernandez was a Justice of the Peace in Val Verde County in 2012. On February 6, 2012, appellant directed his chief deputy clerk, Veronica Mojica, to make travel arrangements for him to attend a conference in Orlando in June 2012. Mojica booked a plane ticket for appellant on a Southwest Airlines flight for June 20, 2012. The plane ticket was nonrefundable. Val Verde County policy is to purchase nonrefundable or nontransferable tickets because they are typically cheaper. The total ticket price was $381.60 and was paid for with a county-owned credit card, issued in appellant's name. County Auditor Frank Lowe testified that he received documentation supporting the county-business nature of the Orlando trip.

On June 11, 2012, after falling ill, appellant instructed Mojica to cancel all his travel arrangements associated with the June conference, including the Southwest Airlines flight. When Mojica cancelled the Orlando ticket, its $381.60 purchase price was converted into a ticket voucher for the same amount. This voucher was in appellant's name and was set to expire on February 5, 2013.

In August 2012, appellant asked Mojica for the reservation number associated with

the June 20 Southwest. Airlines flight. Once Mojica located the reservation number, appellant told her to call his son and give him the number. Mojica complied. Later that month, Lowe was reviewing the county's expenses and noticed that the county was nearing its budget limit for travel for the fiscal year. Upon seeing this, Lowe contacted Southwest Airlines and attempted to get a refund for the plane ticket Mojica had purchased, and then cancelled, for appellant. However, when Lowe's office contacted Southwest Airlines, Lowe learned that the voucher that resulted from the original airline ticket had been used for a flight to Phoenix on August 8, 2012. Lowe testified that he had not been made aware that there was any county business in Phoenix on August 8, 2012, and he had not received any documentation pertaining to the Phoenix trip, as was customary for county-related travel. The flight to Phoenix cost more than the credit obtained from the cancelled Orlando flight, and the amount in excess of the county's voucher was not paid for with county money. Val Verde County has a personnel policy that prohibits the use of county property for personal use.

Believing the Southwest Airlines voucher had been used for non-county-related travel, Lowe reached out to the Val Verde County Attorney, who in turn reached out to the Attorney General's office. The Attorney General's office agreed to investigate the use of the Phoenix ticket. On August 27, Lowe informed the Val Verde County Commissioners' Court that he had discovered a county-purchased plane ticket had been used for non-county-related travel on August 8 and that he had contacted the Attorney General's office to open an investigation into the matter.

Sometime in August, after the initiation of the Attorney General's investigation, appellant attempted to tender payment for the airline voucher to the county auditor's office, but his tender was refused. After the August 27 Commissioners' Court meeting, Lowe and Val Verde County Sheriff Joe Martinez met with appellant and another Val Verde Justice of the Peace, Joey Gonzalez, to try to persuade appellant to resign.

Appellant's son, James Fernandez, Jr., testified in appellant's defense. Fernandez, Jr. testified that he was the one who initially suggested that his father use the Southwest Airlines voucher to fly to Phoenix and that at all times appellant intended to repay the county the amount of the voucher. Appellant was convicted of theft by a public servant by way of deception, and the Fourth Court of Appeals affirmed.

## II.  Analysis

### A.  Law

In his sole ground for review, appellant argues that the State failed to prove he induced consent by way of deception at the time he misappropriated Val Verde County's property (the Southwest Airlines ticket-turned-voucher). Essentially he claims the evidence is insufficient to support the jury's guilty verdict on the charge of theft by deception.

█ We review sufficiency complaints under the legal-sufficiency standard enunciated in *Jackson v. Virginia*.[1] We examine the evidence in the light most favorable

---

1. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim.App.2010); *See also Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (holding that the relevant inquiry for appellate courts reviewing the sufficiency of the evidence to support a convic- tion is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a rea- sonable doubt." (emphasis in original)).

to the verdict and ask whether any rational fact-finder could have found the elements of the charged offense beyond a reasonable doubt.[2] If a rational fact-finder could have so found, we will not disturb the verdict on appeal.[3]

Theft is defined as the unlawful appropriation of property with the intent to deprive the owner of the property.[4] Appropriation is unlawful if it is, *inter alia*, without the owner's effective consent.[5] Consent means, "assent in fact, whether express or apparent."[6] Consent is not effective if it is induced by deception or coercion.[7]

■ When the State charges theft by way of deception, it is bound to prove deception.[8] Deception, as it is relevant to the case at bar, means, "failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true."[9]

■ To prove theft by deception, the State must show that the owner of the misappropriated property was induced to consent to its transfer because of a deceptive act of the defendant.[10] That is, the defendant's deceptive act must impact the

judgment of the property owner in the transaction.[11] It follows, then, that the deception must precede the consent given.[12]

## B. Application

### 1. When was consent given?

■ Appellant contends that the only time consent was given was the county-approved purchase of an airline ticket for him to attend a county-approved conference in Orlando. He argues that, because there was no deception at this juncture, and therefore no deception to affect the judgment of the other party involved, he cannot be guilty of theft by deception.

But appellant is mistaken as to how many times consent actually was given. The initial consent given by the county is not the consent that forms the basis of appellant's theft conviction. Instead, appellant obtained the county's consent to use the voucher when he instructed Mojica to pass along the voucher number to his son in August 2012, because without the voucher number, appellant would have been unable to access and use the Southwest Airlines credit that resulted from the original Orlando ticket.

---

**2.** *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781.

**3.** *See id.* at 319, 99 S.Ct. 2781 (upholding conviction where evidence was legally sufficient); *Temple v. State,* 390 S.W.3d 341, 363 (affirming judgment where evidence was legally sufficient to support a conviction).

**4.** Tex. Penal Code § 31.03(a).

**5.** *Id.* § 31.03(b)(1).

**6.** *Id.* § 1.07(a)(11).

**7.** *Id.* § 31.01(3)(A).

**8.** *Geick v. State,* 349 S.W.3d 542, 548 (Tex. Crim.App.2011).

**9.** Tex. Penal Code § 31.01(1)(B).

**10.** *See Daugherty v. State,* 387 S.W.3d 654, 659 (Tex.Crim.App.2013) (describing theft of services by deceit by saying, "[T]he deception must occur *before* the service is rendered, and that deceptive act must induce the other person to provide the service. The other person must rely on the defendant's deceptive act in providing the service." (emphasis in original)).

**11.** *Id.*

**12.** *Id.*

By conveying the voucher number to appellant in August, the county, by way of its agent, assented to its use by appellant. This assent was not explicit, as Mojica did not affirmatively give permission to appellant to use the voucher, but was instead apparent from her action of relaying the voucher number to appellant's son per appellant's request.[13]

## 2. Was the consent obtained by deception?

■ We must now determine whether this consent-the county assenting to appellant's use of the voucher number in August by conveying that number to his son-was obtained by deception. We hold that it was.

In February, appellant created the impression that the county funds expended on the Southwest Airlines ticket would be used for county-approved business. He created that impression by booking the tickets through his chief deputy clerk, using his county-issued credit card, and receiving approval for the travel and payment from the county auditor.

After the ticket was cancelled, the payment used for the ticket was converted into a voucher. The voucher was the county's property, just as the ticket had been. In August, when appellant directed Mojica to give the voucher number to his son, appellant failed to correct the impression he had created previously that the county funds expended on the ticket, and later converted into the voucher, would be used for county-approved travel.

Appellant did not tell Mojica that he was using the ticket for personal travel, and he did not inform the county auditor that he was using the ticket at all, as he had done

for the Orlando ticket. Indeed, appellant made no representation about how the airline ticket would be used. Instead, by remaining silent, he left intact the impression he created in February that the airline voucher would be used for county-approved travel.

Because appellant did not use the airline voucher for county-approved travel, his silence was deceptive. This deception affected the judgment of the other party in the transaction-Val Verde County via Mojica-who conveyed the county's voucher number to appellant's son, relying on the impression initially created by appellant that the airline ticket purchased with county money would be used for county-approved travel.

Because appellant induced the county's consent for him to use the county's airline voucher for a personal trip by failing to correct the impression he created previously that the voucher and associated credit would be used for county-approved travel, the court of appeals did not err in finding actual consent induced by deception. The judgment of the court of appeals is affirmed.

JOHNSON, J., filed a concurring opinion.

## CONCURRING OPINION

JOHNSON, J., filed a concurring opinion.

I concur only in the judgment of the Court. I would find that Mojica is only the appellant's clerk, is not an agent of the county, and has no authority to consent to anything for the county. She merely did what her boss told her to do; she purchased the ticket, but she apparently also

---

13. The Texas Penal Code does not define "apparent," but Black's Law Dictionary defines it as, "1. Visible; manifest; obvious. 2. Ostensi- ble; seeming." *Apparent*, BLACK's LAW DICTIONARY (10th ed.2014).

provided to the county auditor documentation of the original purchase that established that the requested travel was for legitimate county business. After appellant failed to use the original ticket, Mojica again merely did what her boss told her to do. She gave the reservation number to appellant's son, but did not seem to know why she had been asked to do so, and she did not directly purchase the second ticket. And this time, she did not provide documentation to the county auditor, possibly because either she did not realize that she should or that she did not know that appellant intended to divert the voucher for travel on personal business.

Nor can appellant give himself consent. ("Instead, appellant obtained the county's consent to use the voucher when he instructed Mojica to pass along the voucher number...." *Fernandez v. State*, op. at 838 (Tex. Crim. App.2016)). The person who had the authority to grant or deny approval, and who should have been consulted for approval, seems to be the county auditor, Frank Lowe, who discovered the diversion and testified that he had received documentation for only the originally requested travel.

The county agreed to pay for a ticket for a legitimate function. The voucher was therefore county property and, when appellant received it, he should have given it into the custody of the proper county official. When he failed to both tell the proper county official that he had not used the original ticket for the approved purpose and surrender the voucher–or at least to inform the county that he had it–he failed to correct the impression of appropriate travel on county business that he had previously created. His failure to inform the county official who possesses the authority to approve travel expenses for county employees (which does not include his clerk)

was the deception that is required to support a conviction.