**Affirmed and Opinion Filed August 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00539-CR

### ROBERT ALEX, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F12-61271-V

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

A jury convicted Robert Alex of the murder of Eric Handy and assessed punishment at sixty years' confinement. In six issues, Alex complains of the sufficiency of the evidence to support the conviction and corroborate accomplice witness testimony, the admission of certain evidence, and certain remarks by the trial judge. We affirm the trial court's judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Handy was shot and "pistol-whipped" to death by two masked gunmen in the parking lot of a convenience store. Video footage from the store's surveillance camera showed the gunmen behind a nearby shed covering their faces moments before approaching Handy. One of the

gunmen wore red athletic shorts and the other gunman wore blue athletic shorts with a white stripe on the side. Both gunmen wore white shirts.

No physical evidence linked Alex to the murder, but he was charged with the offense after one of his friends, Ricky Forward, identified him as the gunman wearing the blue shorts. Forward did not testify at trial, but his identification of Alex was admitted into evidence through the testimony of lead detective Steve David. David testified he interviewed Forward after learning Forward was in the parking lot and had spoken with Handy's sister before the shooting occurred. Forward told David he had seen Alex and Alex's friend, Jerrell Pickett, walking toward the store minutes before the shooting. Pickett was carrying a revolver, and Alex had a .9-millimeter handgun. Forward did not mention a motive for the shooting, but the store security guard, who was in the parking lot at the time of the shooting, told David he heard the shots and "something about 'where's the money?'" Others David interviewed told David that Handy had stolen "some weed" from Pickett's brother.

David testified Forward's identification of Alex as one of the gunmen was corroborated, in part, by Alex's girlfriend, Raven Gamble. David interviewed Gamble following Alex's arrest, and she confirmed Alex was wearing blue "Adidas" shorts and a white shirt the night of the murder. Gamble told David she had driven to the store with Alex's brother moments before the shooting, but she left quickly. She did not see the shooting, but heard the gunshots as she drove down the street. She met with Alex near the store within minutes and observed he was "shaking" and "nervous," although he denied to her any involvement in the shooting.

Two other witnesses at trial, Denise Jackson and Forward's brother, Taju, also identified Alex as one of the gunmen. Jackson testified she saw Alex shortly before the murder, and he was wearing blue athletic shorts and a bandana under a baseball cap. He was also carrying a gun, which Forward later told her he and his brother-in-law "got rid of." Taju also saw Alex

–2–

carrying a gun before the murder, and further testified he saw Alex hide behind a shed near the store and cover his face with a bandana moments before the shooting. According to Taju, Alex wanted to shoot Handy because Handy had stolen "some stuff from one of his kin people."

Although no physical evidence linked Alex to the murder, ballistics testing of two bullets collected during Handy's autopsy revealed the bullets were fired by different guns, a revolver and a .9-millimiter handgun. Further, the State admitted into evidence, and the jury heard, a recorded telephone conversation between Alex and his brother. In the conversation, Alex's brother is heard telling Alex that the blue and white "Adidas" shorts had been burned and he was considering "popping" Forward for "snitching." In that same conversation, Alex is heard telling his brother that Forward had the handgun.

## II. ADMISSION OF EVIDENCE

In his first three issues, Alex complains of the admission of certain evidence. Specifically, in his first and second issues, Alex asserts David should not have been allowed to testify as to Forward's and the security guard's statements. Alex contends these statements were inadmissible under the hearsay rules of evidence and the Confrontation Clause because they provided more than "generalized" information about the murder. In his third issue, he complains of the admission, for impeachment purposes, of extrinsic evidence of prior inconsistent statements by Gamble. Alex asserts this evidence was inadmissible because the State failed to lay the proper predicate. In response, the State argues Alex's first and second issues are not preserved for review and his third issue should be overruled because the proper foundation was laid.

### A. Applicable Law

Error preservation is a threshold issue. *See Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). The essential requirement for error preservation is a timely, specific objection

–3–

that brings "to the trial court's attention the very complaint" being made on appeal. *See* Tex. R. App. P. 33.1; *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). To preserve error in the admission of evidence, a party must object each time the inadmissible evidence is offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Failure to properly preserve error forfeits the complaint on appeal. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

*B. Application of Law to Facts*

1. Forward's and Security Guard's Statements

Although Alex assigns error to the admission of Forward's and the security guard's statements, we agree with the State that Alex did not preserve for our review these complaints. Respecting Forward's statements, the record reflects Alex did not object, either based upon the hearsay rules or the Confrontation Clause, to David testifying about what Forward told him. Therefore, no error was preserved. Tex. R. App. P. 33.1; *Fuller*, 253 S.W.3d at 232.

As to David's testimony concerning the security guard, the record reflects the following exchange occurred during the prosecutor's examination of David:

Q. Okay. Did [the security guard] say whether or not he heard anything?

A. He heard the shots. Yes. And he heard somebody say something about money, I believe.

Q. Do you recall specifically?

A. Like where's the money or –

DEFENSE COUNSEL:      Object to hearsay statements.

PROSECUTOR:      Your Honor, I'm not offering it for the truth of the matter. It goes to the state of mind, as well as how it led the detective during his investigation.

THE COURT:      For that very limited purpose, I'll allow it.

–4–

This exchange reflects Alex objected only after the prosecutor asked David a second time what the security guard had said. This objection was untimely and preserved nothing for review. *See Valle*, 109 S.W.3d at 509.

Recognizing no timely objections were asserted to the security guard's or Forward's statements, Alex contends generally and in a conclusory fashion that he "was denied effective assistance of counsel by trial counsel's failure to object" and, as a result, we should "address the issue[s] on the merits." However, aside from this general assertion, Alex does not make a clear and concise argument for this contention. *See* TEX. R. APP. PROC. 38.1(i); *McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001) (issue containing no supporting authority or argument is inadequately briefed and presents nothing for review). Moreover, an allegation that counsel was ineffective for failing to object requires an analysis of whether counsel's performance fell below an objective standard of reasonableness and prejudiced the defense, but it does not make a forfeited right reviewable on the merits. *See Lampkin v. State*, 470 S.W.3d 876, 896-97 (Tex. App.—Texarkana 2015, pet. ref'd). We decide Alex's first two issues against him.

## 2. Gamble's Prior Statements

We also decide against Alex on his third issue, that Gamble was improperly impeached. Relevant to this issue, the record reflects Gamble's interview with David occurred two-and-a-half years prior to trial and was recorded. Although she was given an opportunity prior to trial and at trial to review the statement she gave David, Gamble refused. Asked at trial on different occasions during her examination by the State whether she made certain statements to David, Gamble denied at times she did or answered that she could not remember.

Seeking to impeach Gamble, the State offered into evidence excerpts of her interview relating to nine specific statements which she either testified she could not recall making or which she denied making to David. Alex asserts the trial court erred in admitting the statements

because the record shows only that Gamble did not remember giving those statements, but the proper predicate requires denying making the statements. However, at trial, Alex objected to only two of the nine statements. The objection asserted the State did not properly summarize the content of each. Accordingly, error was not preserved. *See* TEX. R. APP. P. 33.1; *Martinez*, 91 S.W.3d at 336. Moreover, establishing a witness is unable to recall making a prior statement establishes the foundation for admission of the prior statement. *See Ruth v. State*, 167 S.W.3d 560, 566 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd) (noting inability to recall making statement sufficient to establish foundation for admission of prior statement). We cannot sustain Alex's argument to the contrary.

### III. COMMENT ON WEIGHT OF EVIDENCE

Alex's fourth issue focuses on certain comments by the trial judge. Specifically, Alex complains of the judge (1) remarking "[t]he record will so reflect" each time the State asked to have the record reflect a witness had identified Alex in court; (2) "tak[ing] it upon himself to establish the evidentiary foundation" to make certain pieces of State evidence admissible; (3) responding for the prosecutor to an objection by Alex during the prosecutor's closing argument; and (4) stating, in reply to another objection by Alex during the prosecutor's examination of Gamble, "The question . . . was a fair question in my opinion. I am going to overrule the objection." Although he did not object to any of these comments, Alex asserts the comments "could be construed by the jury as an opinion on the case" and cumulatively constitute harmful error. Further, Alex asserts if error was waived "by the inaction of Appellant's trial counsel," his conviction should be reversed due to ineffective assistance of counsel.

We conclude Alex's arguments present nothing for review. Any error was waived by his failure to object, and the ineffective assistance of counsel claim is supported by no argument.

*See Unkart v. State*, 400 S.W.3d 94, 99 (Tex. 2013); *McCarthy*, 65 S.W.3d at 49 n.2. Alex's fourth issue is decided against him.

## IV. ACCOMPLICE WITNESS TESTIMONY CORROBORATION

In his fifth issue, Alex asserts Forward was an accomplice "after the fact" because he "secreted" or "destroyed" the handgun. Alex contends, with Forward as an accomplice, the State was required to corroborate Forward's statements to David concerning Alex's role in the murder with other evidence connecting him to the murder. The State responds no corroborating evidence was required because Alex did not testify at trial.

*A. Applicable Law*

An accomplice witness is one who participates with the defendant before, during, or after the commission of a crime and can be prosecuted for the same offense, or a lesser-included offense, as the defendant. *See Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013). Under article 38.14 of the Texas Code of Criminal Procedure, a conviction cannot stand "upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant to the offense." Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005); *Zamora*, 411 S.W.3d at 509. For article 38.14 to apply, the accomplice must testify. *See Paredes v. State*, 129 S.W.3d 530, 538 (Tex. Crim. App. 2004).

*B. Standard of Review*

In analyzing a challenge to the sufficiency of corroborative evidence, a reviewing court views the evidence in the light most favorable to the jury's verdict, eliminating all accomplice testimony from consideration and examining the remaining portions of the record to see if any evidence tends to connect the defendant with the commission of the crime. *Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008); *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007).

## C. Application of Law to Facts

Assuming, without deciding, that Forward was an accomplice, we agree with the State that his statements to David did not need to be corroborated because Forward did not testify. *See Paredes*, 129 S.W.3d at 538. We decide Alex's fifth issue against him.

## V. SUFFICIENCY OF EVIDENCE

Alex's final issue asserts the evidence is insufficient to support his conviction. Alex bases this argument on his complaints in his first two issues that Forward's hearsay statements were inadmissible. Alex contends the majority of the evidence implicating him in the murder consists of Forward's hearsay statements, and, if that evidence is found inadmissible and is excluded from consideration, no evidence is left in the record linking him to the murder.

### A. Applicable Law

Based on the indictment charging Alex with murder, to establish Alex's guilt, the State had to prove Alex, acting alone or as a party, either (1) intentionally or knowingly caused Handy's death by shooting him with a firearm or (2) intending to cause Handy serious bodily injury, committed an act clearly dangerous to human life by shooting him with a firearm causing his death. TEX. PENAL CODE ANN. § 19.02(b)(1),(2) (West 2011). The State could satisfy its burden through direct or circumstantial evidence so long as it proved all elements of the offense beyond a reasonable doubt. *See Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Lee v. State*, 51 S.W.3d 365, 371 (Tex. App.—Austin 2001, no pet.).

### B. Standard of Review

An appellate court reviews sufficiency complaints under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Fernandez v. State*, 479 S.W.3d 835, 837 (Tex. Crim. App. 2016). This standard requires the appellate court to examine all the evidence, whether properly admitted, in the light most favorable to the verdict to determine whether any rational

finder of fact could have found the elements of the crime beyond a reasonable doubt. *Id.* (citing *Jackson*, 443 U.S. at 319); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

### *C. Application of Law to Facts*

Alex's argument hinges on his first two issues concerning Forward's hearsay statements being sustained, but we have concluded those issues were not preserved for our review. Further, in conducting a sufficiency review, we must consider *all* evidence, even if erroneously admitted. *Dewberry*, 4 S.W.3d at 740. Even if we were to exclude from consideration Forward's statements, sufficient evidence exists to support the conviction. The record includes testimony from other witnesses who knew of a motive and also saw Alex the night of the murder carrying a handgun and wearing blue shorts with a white stripe on the side. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (motive is circumstance indicative of guilt); *Orellana v. State*, 381 S.W.3d 645, 653 (Tex. App.—San Antonio 2012, pet. ref'd) (identity of perpetrator may be proven by circumstantial evidence). The record also includes testimony from a witness who saw Alex behind a shed near the store covering his face with a bandana moments before the shooting, just as captured by the surveillance camera. Finally, the jury heard a recording of Alex's brother telling Alex the blue shorts were burned, and he was considering "popping" Forward for "snitching." *See Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) (attempt to tamper with witness evidence of "consciousness of guilt"); *Martin v. State*, 151 S.W.3d 236, 244 n.6 (Tex. App.—Texarkana 2004, pet. ref'd) (destruction of evidence is probative of guilt). From all this evidence, the jury could have found beyond a reasonable doubt Alex murdered Handy. *See Fernandez*, 479 S.W.3d at 837. Applying the appropriate standard, we decide against Alex on his argument that the evidence is insufficient to support his conviction is without merit.

## VI. CONCLUSION

Having decided Alex's six issues against him, we affirm the trial court's judgment.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150539F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT ALEX, Appellant

No. 05-15-00539-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-12-61271-V.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 17th day of August, 2016.