

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00334-CR
_____

JESSE DAVID FREEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 258982C, Honorable Ana Estevez, Presiding

January 26, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jesse David Freeman (appellant) appeals his conviction for being a felon who possessed a firearm. The two issues before us involve the sufficiency of the evidence. First, we are told that the evidence is insufficient to establish that he possessed the handgun found protruding from under the car passenger seat on which he sat. Nor did the State prove his alleged possession of the firearm occurred within five years of his release from prison, according to appellant. We reverse.

*Background*

The police stopped a vehicle. Appellant was found riding in its front passenger seat. Only one other person was in the vehicle, the driver. The police saw a handgun protruding from under appellant's seat. Because appellant had been convicted in 2008 for felony possession of controlled substances (for which he received a five-year prison sentence), he was tried and convicted for being a felon who possessed a firearm within five years of the date he was released from prison.

*Standard of Review*

The applicable standard of review is that explained in *Fernandez v. State*, 479 S.W.3d 835 (Tex. Crim. App. 2016). It requires us to review "the evidence in the light most favorable to the verdict and ask whether any rational fact-finder could have found the elements of the charged offense beyond reasonable doubt." *Id.* at 837–38. "If a rational fact-finder could have so found, [then] we will not disturb the verdict on appeal." *Id.*

*Issue One — Possession of the Firearm*

Appellant's initial argument focuses upon missing evidence. In attempting to address why the handgun could not be linked to him, beyond reasonable doubt, he discusses what is absent from the record, such as evidence of his fingerprints on the weapon or evidence that the weapon was registered to him. And, due to this missing evidence, he believes he should be acquitted. We overrule the issue.

When contraband is found not on the person or in the physical grasp of the accused but rather in a location, such as a car, occupied by multiple persons, circumstantial evidence linking the contraband to the accused becomes of import. Such evidence must evince that the accused's connection to the contraband was more than

merely fortuitous. *Thompson v. State*, No. 07-16-00145-CR, 2016 Tex. App. LEXIS 12435, at *6 (Tex. App.—Amarillo Nov. 18, 2016, no pet. h.) (mem. op., not designated for publication). And, it may consist of an innumerable amount of indicia. *See id.* (describing the factors or indicia susceptible to consideration); *Triplett v. State*, 292 S.W.3d 205, 208–09 (Tex. App.—Amarillo 2009, pet. ref'd) (listing like factors or indicia). Yet, the quantum of indicia present is not determinative; what is determinative is the weight or logical force of the inferences that can reasonably be drawn from whatever evidence was admitted at trial. *See Thompson v. State*, 2016 Tex. App. LEXIS 12435, at *7 (stating that "[i]t is not the number of links that is dispositive, but rather the logical force of all the evidence"). So, while focusing on what is missing from the record may be helpful at times, the true question is whether the evidence actually admitted, when coupled with the logical inferences that one may make from it, is enough. *See Wagner v. State,* No. 01-14-00877-CR, 2015 Tex. App. LEXIS 10113, at *9 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.) (mem. op., not designated for publication) (stating that absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present). And, that is what we initially focus on here.

As previously indicated, appellant was found riding in the front passenger seat of a car along with one other person, the driver. The firearm in question was discovered protruding from under the right front edge of appellant's seat, "right next to his foot." While it "would be very hard for the driver to place it there during the stop," testified one officer, it "would be very easy for Mr. Freeman to place it there during the stop." Additionally, an officer testified to seeing appellant engage in "furtive" conduct as the

3

officer approached the vehicle. It consisted of appellant "rocking back in his seat and then rocking forward in his seat and side to side." The same officer described other gestures of appellant as "look[ing] like his hands [were] going down underneath the front of his seat."

In *James v. State*, 264 S.W.3d 215, 218–221 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd), the reviewing court upheld appellant's conviction for possessing a firearm against a sufficiency attack similar to that levied here. There, the evidence illustrated the weapon was found under the seat and within inches of James's legs and his "easy reach." *Id.* at 219–20. In addition to appearing nervous, James also engaged in a gesture characterized as "placing something under the seat." Those indicia were enough to permit a rational jury to conclude that James knowingly possessed the weapon, concluded the court. *Id.* at 220. No less is true here.

While no one expressly testified that appellant was "nervous," appellant nevertheless was seen rocking back and forth as the officers approached. Should the jurors couple that evidence with (1) appellant's having been seen placing something under his seat, (2) the close proximity of the weapon to his foot, (3) the visibility of the weapon as it protruded from under the seat, and (4) the distance between the weapon and only other occupant of the vehicle, they could have found, beyond reasonable doubt, that appellant knowingly possessed the firearm.

*Issue Two — Proof of Possession within Five Years of Release from Prison*

Appellant next "contends that the State[ ] failed to prove the date of [his] release from confinement or supervision from his 2008 [felony] conviction for possession of a controlled substance." That is, appellant believes his conviction lacked sufficient

4

evidentiary support because the State did not prove he possessed the firearm in question within five years of being released from prison. We sustain the issue.

The State charged appellant under § 46.04(a)(1) of the Texas Penal Code. That provision makes it a crime for a felon to possess a firearm "after conviction and *before the fifth anniversary of the person's release from confinement* following conviction of the felony or *the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.*" TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011) (emphasis added). The indictment at bar merely referred to appellant's release from confinement.

The record at bar illustrates the following. Appellant was sentenced, on February 26, 2008, for the underlying felony in question and assessed a five-year prison sentence. He served some, if not all, of that sentence, though the record does not expressly disclose the date of his release from confinement, and the State concedes as much.[1] Nevertheless, it believes circumstantial evidence would permit jurors to infer that appellant had yet to be released within five years before the date on which the police found him in possession of the firearm underlying his current conviction. That date was April 15, 2015. Furthermore, five years before April 15, 2015, would be April 15, 2010, as the State also seems to concede. And, the circumstantial evidence, alluded to by the State appears in a certified notice sent to the Randall County District Clerk by the Texas Department of Criminal Justice, Parole Division.

The notice is dated March 2, 2010, and through it, the recipient is told that "the following inmate(s) will be considered for parole" and if "approved for parole, the

---

[1] The concession appears in the State's brief whereat the State said "Appellant is correct that the State did not prove the exact date of his release from confinement."

5

inmate(s) will not be released prior to legal eligibility." The list includes appellant. The information next to his name also disclosed that he had (1) a "Parole Eligibility Date" of "09/10/2008," (2) a "Mandatory Release to Supervision" date of "10/07/2012," and (3) a "Discharge Date W/O Supervision" of "10/07/2012."[2]

Assuming that the information in the foregoing notice is accurate, we can see where one could infer that appellant was incarcerated as of March 2, 2010; indeed, there would be no logical reason to consider him for release from confinement as of that date if he was not being confined on that date. So too could one infer from the notice that the latest date on which appellant would have remained confined was October 7, 2012. Yet, nothing in the notice indicates if appellant was granted parole and released from confinement and, if so, when he was. This is of import since March 2, 2010 (the date of the notice) is approximately six weeks before April 15, 2010. If appellant had been released from confinement at any time after March 2, 2010, and before April 15, 2010, then his possession of the firearm on April 15, 2015, would not have satisfied either the terms of the indictment or the penal statute under which he was prosecuted. This is so because he would not have possessed the weapon before the fifth anniversary of his release. Without additional evidence appearing anywhere of record, such evidence being of the ilk illustrating when the actual parole decision would be made,[3] the normal time lapse between issuance of the notice and the ultimate parole

---

[2] Interestingly, under the category "Sentence Begin Date" was "10/08/2007." Being that appellant was not sentenced for the crime until February of 2008, we are left to wonder how his sentence purportedly began four months earlier.

[3] Statute provides that notice of possible parole must be afforded various public officials "not later than the 11th day before the date a parole panel orders the release on parole of an inmate." TEX. GOV'T CODE ANN. § 508.115(a) (West 2012). Given the March 2nd date of the notice here, the earliest date on which the decision to release appellant on parole would have been around March 13, 2010, a date still short of April 15, 2010.

6

decision, the normal time lapse between a favorable parole decision and actual release and actual release from confinement, the March 2, 2010 notice is no proof that appellant remained imprisoned up to April 15, 2010. Both we, and the jurors, can only speculate as to what, if anything, happened in the six-week gap between March 2nd and April 15th. He may or may not have been released from confinement during that period, though we may conjecture about it. But, the March 2nd notice lacks sufficient data to enable one to infer that appellant was in prison on April 15, 2010.

Simply put, we find no evidence of record upon which a rational jury could infer, beyond reasonable doubt, that appellant possessed the firearm before the fifth anniversary of his release from prison. Consequently, an element of the offense for which he was charge went unproven. Finding no lesser-included offense supported by the record, *see Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014), we reverse the trial court's judgment and enter judgment acquitting appellant of the charge for which he was tried.

Brian Quinn
Chief Justice

Do not publish.