**Alan Joel GEICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00187–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 5, 2010.

Rehearing Overruled Sept. 22, 2010.

Barbara Anne Drumheller, Houston, for appellant.

Brandy Nicole Davidson, Bellville, for state.

Panel consists of Chief Justice HEDGES and Justices YATES and BOYCE.

## OPINION

ADELE HEDGES, Chief Justice.

Appellant, Alan Joel Geick, appeals his felony theft conviction for which he was sentenced to three years in prison. In five issues, appellant contends that (1) the evidence is legally and factually insufficient to support his conviction and (2) the trial court erred in admitting extraneous-acts evidence—photographs of other stolen property—and character conformity evidence—a prior assault conviction. We reverse and render a judgment of acquittal.

## I. BACKGROUND

In December 2004, a bulldozer was stolen from a construction site in Harris County. Harris County investigators later received a tip regarding the stolen bulldozer and forwarded the tip to Sergeant Cheryl Steadman of the Texas Department of Public Safety. The tip led Sergeant Steadman to a residence in Austin County. When Sergeant Steadman arrived at the residence, she was met by local Austin County law enforcement. The residence was located in a slightly secluded neighborhood, surrounded by trees and bushes. As Sergeant Steadman approached the property, she observed several pieces of equipment in plain view, including trailers and all-terrain vehicles. Sergeant Steadman obtained consent to search the property from the property owners, Glenn and Joeline Geick. The Geicks are appellant's parents. During the search, law enforcement recovered the stolen bulldozer and other stolen equipment—lawn mowers, trailers, all-terrain vehicles, and tractors. The extraneous stolen property had been taken from several surrounding counties, including Harris, Montgomery, and Waller counties.

Appellant was subsequently charged by felony indictment with theft of the bulldozer; he was not charged with theft of the other stolen equipment. The indictment charged appellant as follows:

**ALAN JOEL GEICK**

[O]n or about **DECEMBER, 2004,** and before the presentment of this indictment, in Austin County, Texas, did then

and there unlawfully appropriate, by acquiring or otherwise exercising control over property, to-wit: Dozer, of the value of $20,000.00 or more but less than $100,000.00 from F. Phillips, the owner thereof, without the effective consent of the owner, namely, by deception, with intent to deprive the owner of the property, against the peace and dignity of the State.

Appellant pleaded not guilty to the indictment and elected for a jury determination of guilt or innocence. Prior to and during trial, appellant moved to exclude any evidence of the extraneous stolen property for which he had not been charged. The trial court denied appellant's objections and admitted evidence of the extraneous stolen property. At trial, the State presented testimony from Sergeant Steadman, two of the Geicks' neighbors (Duane Joslin and Alex Wellborn), and the owner of the bulldozer (Flavil Wayne Phillips). Appellant and his wife, Ashley Geick, testified for the defense.

Sergeant Steadman testified that she received a tip from Harris County law enforcement regarding the stolen bulldozer. She followed the tip to the Geicks' residence in Austin County. When she arrived at the property, Sergeant Steadman obtained consent from the Geicks, the landowners, and recovered the stolen bulldozer, along with several other pieces of stolen property. The license plate on Alan Geick's truck had been removed and placed on one of the stolen trailers. Joslin and Wellborn testified that they observed appellant operating the stolen bulldozer. Phillips testified that the bulldozer had been stolen from his business, a construction site, and he not did give appellant or anyone else consent to remove the bulldozer from his property.

Appellant testified he did not know that the bulldozer and other equipment recovered from his parents' property were stolen. Appellant testified that he purchased the bulldozer for $6,000.00, in cash installments, from his friend's father, but did not have a receipt or any other form of documentary evidence confirming the purchase. Appellant's friend, Nathan Fox, had been charged with theft of the stolen all-terrain vehicle recovered from the property. Appellant further testified that he allowed his friend to store a stolen cargo trailer on his parents' property but did not know that the trailer was stolen. Appellant acknowledged that he removed the license plate from his father's truck and placed it on one of the stolen trailers. Appellant claimed that he needed to use the trailer one weekend and did not have valid license plates for the trailer. But appellant testified that he did not know the trailer was stolen. Appellant's wife testified that appellant purchased the bulldozer from the father of appellant's friend and, contrary to appellant's testimony, she and appellant had receipts for the purchase.

At the conclusion of the evidence, the jury was charged, in the abstract portion of the charge, as follows:

[A] person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of such property.

. . .

"Effective consent," includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion or given by a person the actor knows is not legally authorized to act for the owner.

Furthermore, the application portion of the charge instructed the jury:

Now, if you find from the evidence beyond a reasonable doubt that on or about JANUARY 15, 2005, in Austin County, Texas, the defendant, ALAN JOEL GEICK, did intentionally or knowingly appropriate, by acquiring or

otherwise exercising control over property, to-wit: bulldozer, of the aggregate value of more than $20,000.00 and less than $100,000.00, from F. PHILLIPS, the owner thereof, without the effective consent of the owner, with intent to deprive the owner of the property, then you will find the defendant guilty of theft as charged in the indictment.

Although the indictment specifically alleged that appellant committed theft by only one means—deception—the jury charge alleged two means for committing theft: (1) consent was induced by deception or coercion or (2) consent was given by a person whom the actor knew was not legally authorized to act for the owner. Neither party objected to the variance between the indictment and jury charge. The jury found appellant guilty as charged "in the indictment," and punishment was assessed at three years in prison and a fine of $10,000.

Appellant raises five issues on appeal. In his first issue, appellant contends that the evidence is legally insufficient to support his theft conviction on the element of deception. In appellant's second and third issues, he argues that the evidence is legally and factually insufficient on the element of intent. In his fourth issue, appellant alleges that the trial court erred in admitting evidence of the extraneous stolen property. In appellant's fifth issue, he contends that the trial court erred by admitting evidence of his prior assault conviction.

## II. THEFT BY DECEPTION

In appellant's first issue, he maintains that the State failed to prove the offense as alleged in the indictment. Appellant contends that because the indictment alleged only one means of committing theft—consent induced by deception—the State was required to prove that particular means. Appellant argues that because

there is no evidence of deception, the evidence is legally insufficient to sustain his conviction. The State responds by arguing it was not required to prove theft by deception. As a threshold matter to appellant's legal sufficiency challenge, we must determine whether the State was required to prove theft as alleged in the indictment—that the consent was induced by deception.

The State contends that it was not required to prove deception. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim.App.1997). The State argues that once measured against the *Malik* standard, the evidence in this case is legally sufficient to sustain appellant's conviction. *See id.* The State correctly cites *Malik* for the proposition that the sufficiency of the evidence should be measured against a hypothetically correct charge. A hypothetically correct charge (1) accurately states the law, (2) is authorized by the indictment, (3) adequately describes the offense tried, and (4) does not increase the State's burden of proof unnecessarily. *Id.* The law as "authorized by the indictment" is the statutory elements "as modified by the charging instrument." *Gollihar v. State*, 46 S.W.3d 243, 255 (Tex.Crim.App. 2001) (quoting *Curry v. State*, 30 S.W.3d 394, 404 (Tex.Crim.App.2000)). Thus, "a hypothetically correct jury charge does not merely quote from the controlling statute." *Id.* "[W]hen the controlling statute lists several alternative acts intended by the defendant and the indictment limits the State's options by alleging certain of those intended acts, the hypothetically correct charge should instruct the jury that it must find one of the intended acts alleged in the indictment. This is the 'law' 'as authorized by the indictment.'" *Id.* at 254–55. Likewise, when the statute defines alternative methods of manner and means of committing an element and the

indictment alleges only one of those methods, "the law" for purposes of the hypothetically correct charge, is the single method alleged in the indictment. *Id.* at 255.

Here, the State could have indicted appellant in a number of different ways describing the manner in which the theft had been committed. The State chose one: inducing consent by deception. Because the State chose that particular means, it was required to prove that method of theft for conviction. *See id.* at 254–55; *see also Jacobs v. State,* 230 S.W.3d 225, 230 (Tex.App.-Houston [14th Dist.] 2006, no pet.) ("Because the indictment alleges only one of [the theft] methods— theft by deception—appellant could be convicted only if he committed theft by that method.").[1] Relying on *Gollihar* and *Jacobs,* we conclude that the State was required to prove appellant's guilt of theft by deception as alleged in the indictment and rendered by the jury. 46 S.W.3d at 254–55, 230 S.W.3d at 230. We now review the legal sufficiency of the evidence to support appellant's theft by deception conviction.

### A. Legal Sufficiency: Standard of Review

In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether a rational jury could have found the defendant guilty of all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State,*

270 S.W.3d 140, 142 (Tex.Crim.App.2008). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Lancon v. State,* 253 S.W.3d 699, 707 (Tex.Crim.App. 2008). Reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Cleburn v. State,* 138 S.W.3d 542, 544 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). We must resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

### B. Legal Sufficiency: Evidence of Deception

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. Tex. Penal Code § 31.03(a) (Vernon Supp. 2009). Appropriation is unlawful if it is without effective consent. *Id.* § 31.03(b)(1). As relevant to this case, consent is not effective if induced by deception. *Id.* § 31.01(3). Deception means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B) failing to correct a false impression . of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

---

1. Furthermore, the jury found in its verdict that appellant was guilty of the offense as **charged in the indictment.** While the charge provided an alternative means—consent was given by a person the actor knew was not legally authorized to act for the owner—indictments that specify the manner and means of committing an offense must be amended to rely on alternative means. *See Rodriguez v.*

*State,* 18 S.W.3d 228, 232 (Tex.Crim.App. 2000) (reversing conviction "because the instruction ... authorized a conviction on a theory not alleged in the charging instrument"). The indictment in this case was not amended to add the alternative means. Moreover, appellant does not challenge the jury instruction.

(C) preventing another from acquiring information likely to affect his judgment in the transaction;

. . .

(E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

*Id.* § 31.01(1). While the State's evidence in this case demonstrated that appellant may have knowingly possessed stolen property, there was no evidence that appellant engaged in deception, as defined by the statute, in his possession of the bulldozer. Namely, there was no evidence that appellant acquired the bulldozer by either (1) creating or confirming by words or conduct a false impression of law or fact that affected another's judgment in appellant's acquisition of the bulldozer, (2) failing to correct a false impression of law or fact affecting another's judgment in appellant's acquisition of the bulldozer, (3) preventing another from acquiring information likely to affect his judgment in appellant's acquisition of the bulldozer, or (4) promising performance that appellant did not intend to perform or knew he would not perform that was likely to affect another's judgment in appellant's acquisition of the bulldozer. *See id.* Sergeant Steadman testified that the identifying information on the bulldozer had not been altered and Phillips, the owner of the bulldozer, testified that appellant made no representations or statements to him regarding the bulldozer. There simply is no evidence of deception.

Although the theft statute under which appellant was convicted provides alternative means and methods of committing theft, the indictment alleged only one of those methods—theft by deception. Thus, appellant could be convicted only if he committed theft by that particular means. *See Jacobs,* 230 S.W.3d at 230. Despite the State's burden of proving the indicted offense, the State's evidence failed to prove deception. Instead, the State merely showed that appellant knowingly possessed stolen property, falling short of its burden fashioned under the indictment. Because the State failed to prove that appellant appropriated the property by deception, the evidence is legally insufficient to support appellant's theft by deception conviction. Accordingly, we sustain appellant's first issue.

■ Having sustained appellant's legal sufficiency challenge, we must acquit. *See Clewis v. State,* 922 S.W.2d 126, 133 (Tex. Crim.App.1996); *see also Jacobs,* 230 S.W.3d at 232. We therefore reverse appellant's conviction, dismiss the indictment, and render judgment of acquittal.[2]

---

**2.** Having rendered a judgment of acquittal, we do not reach appellant's remaining issues.