

# NUMBER 13-22-00074-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAVIER SALAZAR,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

### On appeal from the 197th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Silva and Peña**
**Memorandum Opinion by Chief Justice Contreras**

A jury convicted appellant Javier Salazar of theft of property valued over $2,500 but less than $30,000, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A). The State agreed to recommend a punishment of two years' confinement in state jail probated for two years and a $500 fine, and the trial court sentenced appellant

accordingly. By his sole issue, appellant contends that the evidence was "legally insufficient to support a conviction of theft by deception" as alleged in the indictment. Because the evidence in this case is legally insufficient to meet the requirements delineated by the Texas Court of Criminal Appeals to support a conviction for theft by deception, we agree with appellant and reverse and render a judgment of acquittal. *See Fernandez v. State*, 479 S.W.3d 835, 838 (Tex. Crim. App. 2016); *Geick v. State*, 349 S.W.3d 542, 547–48 (Tex. Crim. App. 2011).

## I.    BACKGROUND[1]

A grand jury indicted appellant in August 2019. The indictment alleged that on or about November 24, 2016, appellant "unlawfully appropriate[d], by acquiring or otherwise exercising control over, property, namely PALLETS CONTAINING GRASS, . . . from DUDA SOD, the owner thereof, without the effective consent of the owner, namely by DECEPTION, and with intent to deprive the owner of the property." Trial began on December 7, 2021.

Darrell Duda, manager of Duda Sod, testified that he has known appellant for "[a] fairly long time." He described that in 2015 appellant made a living by buying and selling pallets of sod and "came to [Duda Sod] looking for grass supply" for his customers. He stated that Duda Sod became appellant's supplier. Duda Sod and appellant worked out a system whereby appellant would purchase the sod on account and pay Duda Sod back every two weeks or so. Duda testified that the system worked "fairly well" until appellant's payments slowed and eventually stopped in 2016. At that point, Duda Sod stopped

---

[1] The State of Texas did not file a brief to assist us in the resolution of this appeal.

supplying appellant but "still need[ed] to collect on what [appellant] still owe[d]" them for past transactions. Duda noted that he had multiple conversations with appellant about satisfying appellant's payment obligations. A personal check for $3,200 from appellant to Duda Sod dated November 24, 2016, was admitted into evidence. Duda testified that appellant's $3,200 check was made "in order to settle the pending invoices of previous purchases," and the sod purchased in those invoices had already been delivered. He stated that his office manager, Maria Frances DeLaGarza, attempted to cash the check a few times between 2016 and 2018, but there were insufficient funds in appellant's account to do so.

DeLaGarza testified that appellant had been a customer since 2015. She stated that the company stopped selling sod to appellant in 2016 due to his outstanding invoices. She informed the jury that she made multiple attempts to collect money, but appellant never answered her calls, so she sent him a letter dated April 4, 2018, stating that appellant had a past due balance of $3,200 and that failure to resolve the balance may result in legal action. DeLaGarza testified that as of the time she sent the letter, Duda Sod had sold no product to appellant for about two years. She described that the $3,200 amount listed in her letter referenced a partial amount owed from "several transactions." Seven sales receipts for sod dated from April to September 2016 were admitted at trial. The total amount from the seven sales receipts totaled over $3,200, but Duda Sod only sought to collect the amount stated on appellant's check. When asked by the State whether she was "deceived into believing that that check had funds," DeLaGarza answered affirmatively.

3

David Robles, Chief Administrator at the Willacy County Sheriff's Office (WCSO), testified that on August 6, 2018, Duda arrived at WCSO to file a report. Duda informed Robles that appellant had purchased sod with a bad check. Duda was "seeking compensation" for the sod but he was unable to obtain the payments. Duda provided Robles with the relevant check "and other documentation regarding the transaction of the purchase" including: (1–2) an invoice and a cash receipt[2] from Duda Sod to appellant for $3,200 dated March 29, 2018; (3) a Wells Fargo deposit form dated March 23, 2018; (4) a notice from Wells Fargo showing that a $3,200 "deposited item" was returned unpaid on March 30, 2018; and (5) DeLaGarza's April 2018 letter to appellant.[3] Robles generated a report and "forwarded it to [WCSO's] Criminal Investigations Division." When asked why it took nearly two years from the date on the check to file a report with WCSO, Duda stated that he made multiple attempts throughout the two years to cash the check, to no avail, until he finally had to approach WCSO. The State and defense then closed.

The jury charge was read and included various definitions associated with the offense of theft by deception. The application portion of the charge instructed the jury:

> Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about November 24, 2016[,] . . . the [appellant] . . . did unlawfully appropriate, by acquiring or otherwise exercising control over, property, namely PALLETS CONTAINING GRASS, of the value of $2,500 OR MORE BUT LESS THAN $30,000, from DUDA SOD, the owner thereof, without the effective consent of the owner, namely by DECEPTION, and with the intent to deprive the owner of the property, then you will find the defendant guilty of the offense of theft and say so by your verdict, but if you do not so believe, or if you

---

[2] The purpose of the cash receipt form for funds Duda Sod alleges were stolen is not clear from the record.

[3] Appellant's check and the other documents provided to Robles were admitted into evidence at trial as defendant's Exhibits 1–6.

4

> have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

In its closing argument, the State asserted that the evidence to prove "deception" as alleged in the indictment came from appellant's having written a check to pay for $3,200 worth of acquired sod, which bounced because appellant lacked sufficient funds in his bank account.

The jury deliberated and found appellant guilty as charged, and the trial court sentenced appellant as described above. Appellant filed a motion for new trial on January 6, 2022, which the trial court denied on February 3, 2022. Appellant filed his timely notice of appeal on February 22, 2022.

## II. SUFFICIENCY OF THE EVIDENCE

By his sole issue, appellant argues that the evidence was legally insufficient to support his conviction for theft by deception.

### A. Standard of Review & Applicable Law

"In reviewing the sufficiency of the evidence to support a conviction, we consider the evidence 'in the light most favorable to the verdict' to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Delagarza v. State*, 635 S.W.3d 716, 723 (Tex. App.—Corpus Christi–Edinburg 2021, pet. ref'd) (quoting *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020)); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from the evidence and are not mere speculation. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "We resolve

any evidentiary inconsistencies in favor of the verdict, keeping in mind that the factfinder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony." *Delagarza*, 635 S.W.3d at 723 (first citing *Walker v. State*, 594 S.W.3d 330, 335 (Tex. Crim. App. 2020); and then citing TEX. CODE CRIM. PROC. ANN. art. 38.04).

"The sufficiency of the evidence is measured by comparing the evidence produced at trial to 'the essential elements of the offense as defined by the hypothetically correct jury charge.'" *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

A person commits the offense of theft "if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a). While seemingly straightforward, "[t]he simplicity of the statutory elements of theft hides the complexity of the overall scheme." *Geick*, 349 S.W.3d at 546. Theft as defined in § 31.03 "constitutes a single offense superseding" what were once twelve distinct offenses. *Id.* § 31.02. Thus, under § 31.03, "there are three ways in which appropriation can be unlawful, two ways to appropriate, three types of property, and three ways to deprive." *Geick*, 349 S.W.3d 546. Absent a notice-based motion to quash, the State need not choose in its indictment between the various manners and means by which theft can be committed. *Id.* Indeed, "[w]hen an indictment alleges theft in the most general of statutory

6

terms . . . the hypothetically correct jury charge embraces any and every statutorily defined alternative method of committing the offense that was fairly raised by the evidence." *Taylor v. State*, 450 S.W.3d 528, 535 (Tex. Crim. App. 2014). But "[w]hen the State unnecessarily pleads a statutory definition that narrows the manner and means in which an offense may be committed, that definition is 'the law as authorized by the indictment' and thus the allegation must be proved beyond a reasonable doubt." *Geick*, 349 S.W.3d 548. Accordingly, "[w]hen the State charges theft by way of deception, it is bound to prove deception." *Fernandez*, 479 S.W.3d at 838 (citing *Geick*, 349 S.W.3d 548).

Relevant here, a hypothetically correct jury charge would provide that appellant committed the offense of theft "if he unlawfully appropriate[d] property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a). Appropriation is unlawful if "it is without the owner's effective consent." *Id.* § 31.03(b)(1). "Consent is not effective if . . . induced by deception . . . ." *Id.* § 31.01(3). And "deception" has five definitions under the statute, including three provided in the jury charge instructions in this case:

(A)   creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

(B)   failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

 . . . .

(E)   promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or

7

knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

*See* TEX. PENAL CODE ANN. § 31.01(1)(A), (B), (E).

No matter the definition, "[t]o prove theft by deception, the State must show that the owner of the misappropriated property was induced to consent to its transfer because of a deceptive act of the defendant." *Fernandez*, 479 S.W.3d at 838 (citing *Daugherty v. State*, 387 S.W.3d 654, 659 (Tex. Crim. App. 2013)). "That is, the defendant's deceptive act must impact the judgment of the property owner in the transaction. It follows, then, that the deception must precede the consent given." *Id.* (citing *Daugherty*, 387 S.W.3d at 659) (footnote omitted).

## B. Analysis

The indictment charged appellant with theft, and specified it was done "by deception." The indictment thus "plead[ed] a statutory definition [of theft] that narrow[ed] the manner and means in which [the] offense may be committed." *Geick*, 349 S.W.3d at 548. The State was therefore required to prove appellant appropriated property by deception beyond a reasonable doubt.

The State argued at trial that the relevant "deception" was appellant's writing a bad check for $3,200 to pay for sod previously purchased on account and delivered to appellant's clients. As appellant correctly argues, the purported deceptive act here followed the alleged theft and thus cannot support a jury's finding as to deception beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 31.01(1); *Fernandez*, 479 S.W.3d at 838; *Daugherty*, 387 S.W.3d at 658 (concluding in a case arising under the theft of

8

services statute, TEX. PENAL CODE ANN. § 31.04, that "[w]hen the indictment alleges theft of services by 'deception' through the issuance of a bad check, proof that the check was issued after the performance of the services will not support a conviction for theft of services"). There is no evidence in the record that the check in question "impact[ed] the judgment" of Duda Sod when it first decided to sell sod to appellant on account. *See Fernandez*, 479 S.W.3d at 838. In fact, Duda Sod stopped selling product to appellant before appellant wrote the check, and it did not sell any sod to appellant after he wrote the check. *See id.*

Moreover, while the State raised no other theory of deception at trial nor filed a brief on appeal directing us to other evidence of deception in the record, we must view the evidence in a light favorable to the verdict to determine if the jury could have nonetheless found deception beyond a reasonable doubt. *See Delagarza*, 635 S.W.3d at 723. Here, the only other evidence in the record of some potential deceptive act is appellant's failure to pay Duda Sod as per the parties' arrangement. But the mere fact that appellant failed to pay for the sod "is not sufficient proof that [appellant] did not intend to" or knew he would not pay for the sod to support a finding of deception. *See* TEX. PENAL CODE ANN. § 31.01(1)(E). We thus conclude that the evidence was legally insufficient to find appellant guilty of theft by deception. *See id.*; *Fernandez*, 479 S.W.3d at 838; *Geick*, 349 S.W.3d at 548.

We sustain appellant's sufficiency challenge and must therefore acquit. *See Geick v. State*, 321 S.W.3d 706, 711 (Tex. App.—Houston [14th Dist.] 2010) ("Because the State failed to prove that appellant appropriated the property by deception, the evidence

is legally insufficient to support appellant's theft by deception conviction. Accordingly, . . . we must acquit."), *aff'd*, 349 S.W.3d at 542; *see also Fricks v. State*, No. 13-20-00428-CR, 2022 WL 1669063, at *6 (Tex. App.—Corpus Christi–Edinburg May 26, 2022, no pet.) (mem. op., not designated for publication) (reversing and rendering judgment acquitting appellant of theft because the State specified certain means of theft in the indictment which it failed to prove).

### III. CONCLUSION

We reverse the trial court's judgment and render judgment acquitting appellant of theft by deception.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of March, 2023.